IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JEREMY MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:19-cv-311-JDK-KNM |
| | § | |
| WARDEN DRISKELL, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeremy Martin, a former Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. Before the Court are two Report and Recommendations issued by Judge Mitchell.

On March 11, 2021, Judge Mitchell issued a Report recommending that the Court dismiss Plaintiff's lawsuit with prejudice for failure to state a claim upon which relief can be granted. Docket No. 35. Plaintiff filed timely objections to the Report that presented new facts and details. Docket No. 43. Based on the new alleged facts, Judge Mitchell withdrew the portions of the March 11, 2021 Report regarding Plaintiff presenting two black eyes on June 7, 2018, and no longer recommended dismissal of Plaintiff's deliberate indifference claim against Defendants Christian, Perrellis, and Daniels. Docket No. 44.

1

On May 11, 2023, following Plaintiff's release from prison, the Court ordered him to pay the remainder of the filing fee in $15.00 installments with the first installment due by June 1, 2023. Docket No. 103. Plaintiff received a copy of this order on May 14, 2023, but has not made any payments or otherwise contacted the Court in any way since that date. Accordingly, on August 1, 2023, Judge Mitchell issued a Report recommending that the Court dismiss Plaintiff's lawsuit without prejudice for failure to prosecute or to obey an order of the Court. Docket No. 105. The Report also recommended that the Court suspend the statute of limitations for 60 days following entry of final judgment. Plaintiff received a copy of this Report on August 7, 2023, but has filed no objections. Defendants Dr. Mainus and Dr. Geiger filed a response to the Report explaining that the May 11, 2023 Report recommended dismissal of the claims against them with prejudice. Docket No. 107.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). Where no objections are filed, the Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding

that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Outside of the portions of the March 11, 2021 Report that Judge Mitchell withdrew, the Court **OVERRULES** Plaintiff's objections. In his objections to that Report, Plaintiff stated that "the main issue the Plaintiff wishes to pursue legal action in regards to this grievance is due to the fact that his teeth were in fact broken by the negligence and malpractice of Defendants Mainus and Geiger." Docket No. 43 at 7. He argues that Defendants' method used to cut the stainless-steel wires from his mouth was inadequate because Defendants either did not have the strength to cut through the wires or used an inadequate tool. *Id.* at 12. Plaintiff asserts that the tool slipped off while Defendants were trying to cut the wires, hitting and breaking his teeth. *Id.* Plaintiff asserts that "this was medical negligence and malpractice and protected by the state tort laws." *Id.*

Even if Plaintiff is correct in asserting that Defendants Mainus and Geiger acted with medical negligence or malpractice, it does not demonstrate a constitutional violation. The Magistrate Judge correctly observed that "unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does an inmate's disagreement with his medical treatment, absent exceptional circumstances." Docket No. 35 at 18 (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). As the Magistrate Judge correctly ascertained, Plaintiff's medical and dental records show that Defendants Mainus and Geiger were not deliberately indifferent to his serious medical needs.

3

Having reviewed the objected-to portions of the Magistrate Judge's Reports de novo and the remining portions of the Magistrate Judge's Reports for clear error or abuse of discretion, the Court has determined that the Reports of the Magistrate Judge are correct. Accordingly, the portions of the March 11, 2021 Report that were not withdrawn (Docket No. 35) are **ADOPTED** as the opinion of the District Court. Plaintiff's claims against Defendants Mainus and Geiger are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. Further, the August 1, 2023 Report (Docket No. 105) is **ADOPTED** as the opinion of the District Court. All other remaining claims in this case are **DISMISSED** without prejudice for failure to prosecute or to obey a Court order. Finally, the statute of limitations for Plaintiff's claims is **SUSPENDED** for sixty days from the date of final judgment.

So **ORDERED** and **SIGNED** this **7th** day of **September, 2023.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE